Filed 4/26/23  P. v. Navarro CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JACOBO NAVARRO,<br><br>        Defendant and Appellant. | A164083<br><br>(Contra Costa County<br>Super. Ct. No. 05-040171-1) |

Jacobo Navarro was convicted of second degree murder with a gun use enhancement and sentenced to 25 years to life.  We affirmed his conviction in 2006.

The evidence at trial indicated that Navarro and a man to whom he was related (Rubio) went together in Navarro's vehicle to a housing complex where others they knew lived and were hanging around outside.  Rubio told Navarro to open the trunk and give him a gun, and Navarro said something to the effect that Rubio should take the gun only if he was going to use it.  An individual they knew told them he didn't want any trouble, and they closed the trunk and left the area for a brief period.  They returned, each with a gun, and Rubio, followed by Navarro at a distance of about 10 feet, went over to where a man was working on his car.  Rubio shot the man multiple times in the torso and limbs and killed him.  Navarro was standing by with a gun

in his waistband and his hand on the gun. After the shooting, they returned to the car and Navarro drove himself and Rubio away.

Rubio absconded, and Navarro was charged with first degree murder. At the conclusion of the evidence, the trial court instructed the jury on aiding and abetting first and second degree murder, with the latter being on an implied malice theory. The jury was also instructed on second degree murder under the natural and probable consequences theory based on assault with a firearm and on an enhancement for use of a firearm.

In 2019, Rubio sought resentencing under Senate Bill No. 1437 (2021– 2022 Reg. Sess.) (Pen. Code, § 1172.6.) The trial court initially appointed counsel, who briefed the issues, and then denied the petition without issuing an order to show cause (OSC). We reversed and remanded holding the trial court erred in failing to issue an OSC and hold an evidentiary hearing before resolving factual issues that were not conclusively resolved by the record of conviction, citing our earlier decision in *People v. Duchine* (2021) 60 Cal.App.5th 798, 815-816.

On remand, the trial court issued an OSC and applied the "beyond a reasonable doubt" standard to the record of conviction relying "exclusively on the evidence presented at trial."[1] The court rejected petitioner's argument that his acquittal on the first degree murder charge did not permit the court to allow the second degree murder conviction to stand because an aider and abettor cannot be liable for second degree murder under a theory of implied malice. Citing *People v. Powell* (2021) 63 Cal.App.5th 689, *People v. Gentile* (2020) 10 Cal.5th 830, and several other cases, all of which recognize that although Senate Bill No. 1437 (2021–2022 Reg. Sess.) eliminated the natural

---

[1] Neither side offered new evidence as they were entitled to do under Penal Code section 1172.6, subdivision (d)(3).

and probable consequence theory of murder liability, it left intact the theory of second degree murder for an aider and abettor under either an express or implied malice theory. (See *Powell*, at pp. 711-714; *Gentile*, at p. 850 ["Therefore, notwithstanding Senate Bill 1437's elimination of natural and probable consequences liability for second degree murder, an aider and abettor who does not expressly intend to aid a killing can still be convicted of second degree murder if the person knows that his or her conduct endangers the life of another and acts with conscious disregard for life"].) Turning to the evidence introduced at trial, the court concluded that its independent review of that evidence "makes clear that the Petitioner did not directly cause the death of the victim Ignacio Gonzalez. However, the evidence conclusively established that he aided and abetted Samuel Rubio in the homicide and was acting with express or implied malice." It recounted some aspects of the relevant evidence along with the jury finding that petitioner had personally used a firearm in committing the murder. The court quoted and agreed with, but did not rely on, the statement in our opinion on direct appeal that "the evidence was overwhelmingly in support of the conclusion that [Navarro] aided and abetted [Rubio] with the knowledge that [Rubio] was going to kill Gonzalez . . . ."

On appeal from this second resentencing decision, we appointed counsel to represent Navarro. After we granted him several extensions of time, counsel filed a brief and a declaration indicating he had reviewed the entire record and found no arguable issues on appeal. He requested and we permitted petitioner to file a supplemental brief, which Navarro did.

Navarro's supplemental brief recounts facts that are not in the record and that conflict with much of the testimony given. He argues that even the evidence against him does not show he knew of Rubio's intent to kill or that

3

he intended to aid him. He argues that much of the testimony against him at trial was false and given to punish him for an affair that he had engaged in and that the district attorney offered witnesses who were undocumented aliens "papers" in exchange for their testimony. None of these arguments provides a basis for reversing the resentencing decision. If indeed, as Navarro now claims, witnesses perjured themselves out of anger at him or to obtain legal residency and if there is any evidence that this was the case, a petition for habeas corpus relief is the remedy available to him, not an appeal from a denial of resentencing based on a trial record that overwhelmingly supports his conviction.

Finally, Navarro and his counsel ask that we review the record independently for error, which as counsel recognizes, is not required by law. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231.) This court reviewed the record on direct appeal from Navarro's conviction; the trial court (and presumably Navarro's counsel in that court) reviewed it again in connection with his resentencing petition; and his counsel in this appeal has reviewed it thoroughly yet again. Absent even a hint of error in the post-OSC resentencing proceedings or the trial court's decision denying resentencing, we decline to exercise our discretion to again review the extensive trial record in this case.

## DISPOSITION

The order denying motion for recall of sentence pursuant to Penal Code section 1170.95 is affirmed.

4

_____
STEWART, P.J.

We concur.

_____
RICHMAN, J.

_____
MARKMAN, J.*

*People v. Navarro* (A164083)

---

    \* Judge of the Alameda Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.